## 11942

### RICHARDSON v. KREY PACKING CO.

#### (132 S. E., 44)

PRINCIPAL AND AGENT—PRINCIPAL IS NOT LIABLE ON WORTHLESS CHECKS CASHED BY AGENT, PAYABLE TO HIMSELF, AND INDORSED BY HIM, AFTER HAVING FURNISHED AGENT WITH RUBBER STAMP FOR INDORSING CHECKS.—Principal, who had furnished agent with rubber stamp for indorsing checks collected for principal, is not liable on worthless checks cashed by agent on his own indorsement, and made payable to himself, where principal had not received any of proceeds.

Before WHALEY, J., Richland, June, 1924. Reversed and remanded, with directions.

Action by J. F. Richardson against Krey Packing Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Ratification of contract made by agent:* 81 S. C., 152; Clark on Contracts, 710. *Proof of agency by agent:* 113 S. C., 499; 89 S. C., 470; 81 S. C., 152; Meachem on Agency, Sec. 276; 3 Cook on Corporations, 4th Ed., Sec. 720. *Liability of principal for tort of agent; actual scope of agency:* 124 S. C., 19; 121 S. C., 324.

*Messrs. Cooper & Winter,* for respondent, cite: *Implied authority of agent:* 3 Strob. Eq., 263; 2 R. C. L., 853. *Apparent authority of agent:* 10 Rich., 332; 21 R. C. L., 854. *Basis of liability of principal for torts of agent:* 21 R. C. L., 844. *Imputing fraud of agent to principal, question for jury:* 4 Strob., 427. *Proof of agency by agent:* 124 S. C., 346; 117 S. E., 594; 113 S. C., 499; 101 S. E., 860. *Agency a question of fact to be proven by circumstances and conduct of parties:* 123 S. E., 20; 122 S. E., 488; 120 S. E., 792; 104 S. E., 448.

March 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The plaintiff entered suit against the Krey Packing Company of St. Louis, Mo., upon five separate causes of action. The first cause of action alleged that the defendant had been employed by the plaintiff to assist its auditor or agent in making sales and collections, and to go to Charleston to assist in unloading a carload of meat, and had agreed to pay the defendant $77.23 for his services, etc. It then alleged in four causes of action that the defendant, through its agent and representative, obtained the plaintiff to cash four checks for the said defendant; that the checks were presented and were worthless; and that demand had been made upon the defendant for payment; and that payment had been refused.

"The defendant made motion for a nonsuit and for the direction of a verdict upon the grounds that there had been

no confirmation of the alleged authority of H. P. Pumphrey to cash checks; that an agent has no authority to bind his principal except within the scope of his authority. If he goes outside the scope of this authority, and commits a fraudulent act, the principal is not bound; that there was no testimony to show that the Krey Packing Company received the benefit of the checks. Both motions were overruled, the case submitted to the jury and a verdict for the plaintiff for the full amount claimed, except as to one check, upon which a verdict in favor of the defendant was directed."

There are nine exceptions alleging error. Exceptions 1 and 4 impute error in refusing to grant the nonsuit and the motion of the defendant for the direction of a verdict. The testimony shows that Pumphrey was employed by the defendant to sell their output and to collect checks from the customers for cash. His actual instructions from the defendant in regard to cashing of checks was:

"And where checks were given to him I gave him a rubber stamp with the following indorsement to be used on such checks: 'Pay to the order of ourselves in cashier's check. Krey Packing Co.' I instructed him further that checks received from customers were to be indorsed with this stamp, and a cashier's check obtained, and the same remitted to our company with proper letter of advice as to what it would cover."

The checks that the plaintiff cashed for Pumphrey were not made payable to the appellant, nor did Pumphrey indorse them Krey Packing Company by himself as agent. They were made payable to "H. P. Pumphrey, or order." One was made payable to "Cash", and all were simply indorsed on the back "H. P. Pumphrey." The defendant's name nowhere appears on them, and the undisputed evidence shows that the appellant never received one cent and knew nothing about them.

The plaintiff testified that Pumphrey told him that he received them from customers. The evidence shows no such names were on the books of the appellant as its customers and parties who purchased from it. No other inference can be drawn from the whole evidence than that Pumphrey was employed by the appellant to sell its output, and, when checks were given, the rubber stamp given was to be used, and the check deposited and the cashier's check obtained and forwarded to the appellant. The checks cashed by the plaintiff were drawn in the name of Pumphrey, and not as agent. They were not accepted by the appellant; it knew nothing of them until attention was called to them; and it promptly denied liability.

These exceptions must be sustained, as Pumphrey in cashing the checks was not the agent of the appellant and was not acting within the scope of his employment. His Honor was in error in not directing a verdict as asked for by the appellant.

The judgment is reversed and remanded, with directions that the Clerk of Court enter up judgment in favor of the defendant under Rule 27 of this Court.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.